I,WALTZER, Judge.
Viacom and its insurer, Wausau, appeal a judgment awarding Frank Bauer, the plaintiff, the entire damage award less the percentage of fault attributed by the jury to Mr. Bauer.
FACTS AND CASE HISTORY
Viacom contracted with The Design Centre to construct and maintain an exhibition studio at the New Orleans Convention Center. The Design Centre employed Mr. Bauer at this exhibition studio. Mr. Bauer fell from the roof of the studio and suffered severe injuries on 19 January 1990. On 18 January 1991, he sued Viacom, The Design *1055 Centre, and Wausau Insurance Company. On 13 December 1993, The Design Centre was dismissed from this suit.
After trial in 1997, a jury returned a verdict, comparing the fault of Viacom, The Design Centre, Frank Bauer, Heritage Display Services, and the New’ Orleans Convention Center. The jury assessed twenty-five percent (25%) fault to Viacom, twenty-five percent (25%) fault to Mr. Bauer, and fifty percent (50%) fault to The Design Centre (the immune employer). The jury also awarded Mr. Bauer damages totaling $172,-500.00.
On 1 August 1997, the trial judge signed a Judgment awarding Mr. Bauer “the sum of $129,375.00”, or seventy-five (75%) of the total damages, against Viacom and its insurer, Wausau. In its Reasons for Judgment, the trial judge stated “Viacom is liable for 100% of plaintiffs recoverable damages.” Viacom |2and Wausau appealed.
ASSIGNMENT OF ERROR: The trial court erred when it ordered Viacom and its insurer to pay Mr. Bauer seventy-five percent (75%) of the total damage award, $129,375.00, after the jury attributed only twenty-five percent (25%) of the fault for the accident to Viacom.
Viacom argues for application of the 1996 amendment to La.C.C.art. 2324, limiting its liability to Mr. Bauer to the percentage of fault attributed to Viacom by the jury. In 1996, the Louisiana Legislature amended both La.C.C. art. 2323 and 2324(B), with Act 3, part of the Tort Reform Act. At the time of Mr. Bauer’s accident, La.C.C. art. 2324(B) provided that if liability is not soli-dary pursuant to 2324(A), or as otherwise provided by law, then liability for damages caused by two or more persons shall be solidary only to the extent necessary for the person suffering injury, death or loss to recover fifty percent (50%) of his recoverable damages. The 1996 amendment to La.C.C. art. 2324(B) changed the law, providing that in applicable cases liability among tortfeasors shall be joint and divisible, not solidary, and that each joint tortfeasor shall not be liable for more than his degree of fault.
Viacom argues for retroactive application of the 1996 amendment to La.C.C. art. 2324(B). However, the Louisiana Supreme Court recently held Act 3’s amendment of La.C.C. art. 2324(B) made a substantive change in the law and, under the authority of La.C.C. art. 6, applies prospectively only, although Act 3’s amendment of La.C.C. art. 2323 was merely procedural legislation and applies retroactively [See, Keith v. United States Fidelity and Guaranty Company, 96-2075 (La 5/9/97); 694 So.2d 180, 183]. Aucoin v. State through Department of Transportation, 97-C1938, 97-C1967 (La.4/24/98); 712 So.2d 62, 67, rehearing Igdenied (6/5/98). Furthermore, the Supreme Court held “the applicable article 2324(B) was that which existed at the time of the accident.” Id. We must follow the pronouncement that the amendment to La.C.C. art. 2324(B) in 1996 applies prospectively only.
In Aucoin, the Supreme Court, applying the pre-amendment version of La.C.C. art. 2324(B), raised the State’s liability to fifty percent (50%) of Amber Aucoin’s total damages, even though a jury had determined that the State shared only fifteen percent (15%) of the fault for the accident with Amber’s mother, the driver, who the jury assessed eighty-five percent (85%) of the fault.
On the date of Mr. Bauer’s accident, 19 January 1990, La.C.C. art. 2324(B) provided, in pertinent part:
If liability is not solidary pursuant to Paragraph A, or as otherwise provided by law, then liability for damages caused by two or more persons shall be solidary only to the extent necessary for the person suffering injury, death or loss to recover fifty percent of his recoverable damages.
The obligation is solidary “only to the extent necessary for” Mr. Bauer “to recover fifty percent of his recoverable damages.” Applying the pre-amendment La.C.C. art. 2324(B), we limit Viacom’s liability to Mr. Bauer to fifty (50%) of the total damage award, $172,500.00.
CONCLUSION
We amend the 1'August 1997 Judgment and limit the amount of the solidary obligation of Viacom and its insurer, Wausau, to fifty percent (50%) of Mr. Bauer’s total damages, $172,500.00. Thus, Viacom and its *1056 insurer, Wausau, are solidarily liable for $86,250.00 or fifty percent (50%) of the “recoverable damages.” We otherwise affirm the judgment.
AFFIRMED AS AMENDED.